■ In the Matter of L & M COMPANY, Appellant, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated September 7, 1989, which found, after a hearing, *inter alia,* that the petitioner wilfully failed to pay prevailing wages and supplements on a public work contract in violation of Labor Law § 220 and imposed 16% interest on the underpayments of wages and supplements and a civil penalty of 25% of the underpayments.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioner entered into a public work contract in September 1986 with the New York State Dormitory Authority to re-roof Guggenheim Hall of Bronx Community College. The contract fell under the purview of the Prevailing Wage Law *(see,* Labor Law § 220). An investigation by the Department of Labor into whether petitioner was paying the required prevailing wages and supplements and correctly reporting the hours worked by its employees led to the petitioner's citation for improper recordkeeping and wage violations. At the conclusion of a hearing on the charges, the Hearing Officer determined, *inter alia,* that the petitioner underpaid 18 of its employees by failing to keep proper records as to the number of hours worked daily. The Hearing Officer's Report and Recommendation to impose 16% interest on the underpayments and a civil penalty of 25% of the underpayments was confirmed and adopted by the respondents.

The petitioner contends that the respondents' determination of underpayments was not supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181-182). We disagree. The respondents' finding was amply supported by the testimony of the investigator, the engineer in charge and the consulting engineer. If the contractor fails to maintain proper records pursuant to Labor Law § 220, other evidence may be used to establish the amount of underpayments *(see, Anderson v Mount Clemens Pottery Co.,* 328 US 680, 686-687; *Matter of D.D.G. Gen. Contr. Corp. v Hartnett,* 149 AD2d 819, 820; *Matter of Schepanski Roofing & Gutters v Roberts,* 133 AD2d 757, 758), even though the results may be approximate *(see, Mid Hudson Pam Corp. v Hartnett,* 156 AD2d 818, 820-821).

There was also sufficient evidence to support the respondents' conclusion that the petitioner's violation of the Labor Law was willful *(see, Matter of L & M Co. v New York State*

*Dept. of Labor,* 161 AD2d 919; *Mid Hudson Pam Corp. v Hartnett, supra; Matter of Tenalp Constr. Corp. v Roberts,* 141 AD2d 81, 88; *Matter of Cam-Ful Indus. v Roberts,* 128 AD2d 1006, 1007). Finally, we are not persuaded that the respondents erred in imposing a 16% rate of interest and a 25% civil penalty. Mangano, P. J., Brown, Sullivan and Eiber, JJ., concur.