■ In the Matter of HY-TECH COATINGS, Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR, Respondent. [640 NYS2d 581] —Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Labor, dated February 6, 1995, which, after a hearing, (1) found that the petitioner willfully failed to pay prevailing wages and supplements and falsified payroll records on a public works contract in violation of Labor Law § 220, (2) imposed 16% interest on the underpayments of wages and supplements, (3) assessed a civil penalty of 25% of the underpayments, and (4) precluded the petitioner from performing public works contracts for a period of five years from the date of the determination.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

On or about November 19, 1991, the petitioner entered into a public works contract with BOCES II, Suffolk County (hereinafter BOCES) to perform roof reconstruction at the Brookhaven Technical Center in Bellport. A prevailing wage and supplement schedule pursuant to Labor Law § 220 was incorporated into the contract. An investigation by the New York State Department of Labor (hereinafter the DOL) into whether the petitioner was paying the required prevailing wages and supplements and properly reporting the hours worked by its employees led to the petitioner's citation for record keeping and wage violations. At the conclusion of a hearing on the charges, the Hearing Officer determined, *inter alia,* that the petitioner wilfully underpaid three employees in the amount of $3,368.05 and falsified its certified payroll records. The Hearing Officer's recommendation to impose 16% interest on the underpayments, to impose a civil penalty of 25% of the underpayments, and to preclude the petitioner from performing public works contracts for a period of five years from the date of the determination was confirmed and adopted by the respondent.

The petitioner contends that the DOL's order and determination are not based on substantial evidence in that there was no hearing testimony from any individuals directly involved with the contract work. We disagree. There is no requirement

that only the testimony of persons directly involved with a project will be deemed substantial evidence. The law is well settled that for purposes of judicial review, an administrative determination is supported by substantial evidence when there is such relevant proof that a reasonable inference of the existence of a fact or conclusion may be drawn from it (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Here, the compliance investigator testified that through persistent investigative work he was able to compile a list of persons who were either directly or indirectly involved with the BOCES project. The investigator then interviewed these persons and gathered sufficient information with which to determine the days and number of hours the petitioner's employees worked. This information was confirmed by the head custodian at BOCES, who testified as to the hours he observed the petitioner's employees working on the project. As the petitioner presented no witnesses at the hearing to rebut this testimony, we find that there was substantial evidence to support the DOL's determination that the petitioner failed to pay prevailing wages and supplements and falsified its certified payroll records, all in violation of Labor Law § 220.

We also conclude that the petitioner has not satisfied its burden of establishing that the method utilized to calculate the amount of underpayments was unreasonable (*see, Matter of Mid Hudson Pam Corp. v Hartnett,* 156 AD2d 818, 820-821). In view of the petitioner's failure to produce complete records, the DOL was entitled to make just and reasonable inferences and use other evidence to establish the amount of underpayments, even though the results may be approximate (*see, Anderson v Mount Clemens Pottery Co.,* 328 US 680, 686-687; *Matter of L & M Co. v New York State Dept. of Labor,* 171 AD2d 795).

We have considered the parties' remaining contentions and find them to be without merit. Copertino, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.