■ In the Matter of GENERAL DESIGN & DEVELOPMENT, INC., Petitioner, v JAMES J. McGOWAN, as Commissioner of the State of New York Department of Labor, Respondent. [687 NYS2d 808] —Crew III, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which, *inter alia*, found that petitioner willfully failed to pay prevailing wages and supplements.

In September 1992, petitioner entered into a public work contract with the Town of Harrietstown in Franklin County to expand and renovate an airport terminal building. In June 1993, respondent received a complaint alleging underpayment of wages and supplements in connection with this project and thereafter conducted an investigation, which revealed violations of the Labor Law. On December 22, 1997, respondent notified petitioner that a hearing had been scheduled for January 20, 1998 and advised that any request for an adjournment must be made at least 14 days prior thereto. By letter dated January 12, 1998, petitioner's president requested an adjournment, indicating that he would be out of town on the scheduled hearing date. The Hearing Officer did not respond to the request, and petitioner's president made no inquiry as to whether it had been granted or denied. The hearing proceeded as scheduled without a representative of petitioner being present. The Hearing Officer thereafter recommended, *inter alia*, that petitioner be found to have willfully failed to pay prevailing wages and supplements for the second time in a six-year period in violation of Labor Law § 220-b (3) (b). Respondent subsequently issued a determination adopting the recommendations and finding, *inter alia*, that the violation rendered petitioner ineligible to bid on any public work contract for a period of five years. This CPLR article 78 proceeding by petitioner ensued.

We reject petitioner's contention that the Hearing Officer's denial of his request for an adjournment of the hearing violated his due process rights. "The absence of the accused at an administrative hearing is not violative of his [or her] right to due process as long as he [or she] has been notified of the hearing and afforded an opportunity to be heard" (*Matter of Laverne v Sobol*, 149 AD2d 758, 761, *lv denied* 74 NY2d 610; *see, Matter of Sokol v New York State Dept. of Health*, 223 AD2d 809, 811, *appeal dismissed* 87 NY2d 1054). Inasmuch as

petitioner's president had notice of the charges and was given the opportunity to participate at the hearing, we find no constitutional violation. We have considered petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mikoll, Spain and Graffeo, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.