■ In the Matter of ERIC LUTZ CONSTRUCTION, INC., Petitioner, v JAMES J. McGOWAN et al., Respondents. [724 NYS2d 764] —Proceeding pursuant to CPLR article 78 to review a de-

termination of the New York State Department of Labor dated December 27, 1999, which, after a hearing (1) found that the petitioner willfully failed to pay prevailing wages and supplements on a public works contract in violation of Labor Law § 220, (2) ordered the petitioner to pay its employees the total principal sum of $141,787.28 in wages, (3) imposed a 16% rate of interest on the underpayments of wages and supplements, (4) assessed a civil penalty of 25% of the underpayments, and (5) precluded the petitioner from performing public works contracts for a period of five years.

Adjudged that the petition is granted to the extent that the provisions of the determination which imposed a 16% rate of interest and awarded a civil penalty are annulled; the determination is otherwise confirmed and the proceeding is otherwise dismissed on the merits, without costs or disbursements, and the matter is remitted to the respondents for the imposition of a new rate of interest not to exceed 6%.

This proceeding pursuant to CPLR article 78 was brought by the petitioner Eric Lutz Construction, Inc., to review a determination of the New York State Commissioner of Labor, James J. McGowan, which, pursuant to an investigation by the respondent New York State Department of Labor, found that the petitioner underpaid its 43 workers over a two-year period for every hour of work performed on two public work projects and thereby willfully violated Labor Law § 220-b (3) (b). The Commissioner further imposed a rate of interest in the amount of 16% per annum. A civil penalty was assessed, and the petitioner was precluded from performing public work contracts for a period of five years.

In a CPLR article 78 proceeding in which a hearing is held, review is limited to deciding whether the determination is supported by substantial evidence in the record (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180; *Matter of Hy-Tech Coatings v New York State Dept. of Labor,* 226 AD2d 378; *Matter of Asbestos Indus. v New York State Dept. of Labor,* 224 AD2d 414). Here, there is substantial evidence in the record to support a finding that the petitioner willfully violated the prevailing wage schedule for public works contracts. The determination was supported by the testimony of the petitioner's foreman, the petitioner's president, and its payment records. In addition, the petitioner's president was an experienced public works contractor who should have known that the contracts, for work at the Suffolk County Courthouse and various campuses of Suffolk County Community College, were for public work projects. "[I]t was reasonable to conclude

that petitioner was aware of the prevailing wage schedule when it entered into the contract but did not take steps to ensure that the prevailing wage schedule was followed" (*Matter of Emes Heating & Plumbing Contrs. v McGowen,* 279 AD2d 819, 822; *Matter of L & M Co. v New York State Dept. of Labor,* 171 AD2d 795; *Matter of Mid Hudson Pam Corp. v Hartnett,* 156 AD2d 818).

Pursuant to a stipulation, however, the parties agreed that the Department of Labor would waive civil penalties and agree not to update the interest to more than 6% per annum. Accordingly, the determination is modified in accordance with the stipulation.

The petitioner's remaining contention is without merit. Bracken, P. J., S. Miller, McGinity and Luciano, JJ., concur.