■ In the Matter of R.I., Inc., et al., Petitioners, v New York State Department of Labor et al., Respondents. [900 NYS2d 124]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondents New York State Department of Labor and M. Patricia Smith, Commissioner of Labor, dated April 8, 2009, which adopted the findings of fact and conclusions of law of a hearing officer dated November 26, 2008, made after a hearing, finding that the petitioners willfully failed to pay prevailing wages and supplements to their employees in accordance with any valid trade classification on four public work projects, and assessed a civil penalty of 25% of the underpayments.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Judicial review of an administrative determination made after a hearing required by law, and at which evidence is taken, is limited to whether that determination is supported by substantial evidence (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179 [1978]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (id. at 180; see Matter of Steward v Mulligan, 47 AD3d 822, 823 [2008]; Matter of Lynnann P. v Suffolk County Dept. of Social Servs., 28 AD3d 484, 485 [2006]). "In the final analysis, it is not the function of the reviewing court to weigh the evidence or substitute

its own judgment for that of an administrative body to whose expertise a subject matter has been entrusted, but rather to determine whether there is a reasonable fulcrum of support in the record to sustain the body's findings" (*Matter of Bradley Corporate Park v Crotty*, 39 AD3d 632, 634 [2007], quoting *Matter of Furey v County of Suffolk*, 105 AD2d 41, 43-44 [1984] [internal quotation marks omitted]).

Contrary to the petitioners' contentions, the respondents' determination that the disputed work should have been classified as that of ornamental ironworkers and laborers is supported by substantial evidence. In this regard, "trade classifications are a matter given to the expertise of the Department and courts are strongly disinclined to disturb them, absent a clear showing that a classification does not reflect the nature of the work actually performed" (*Matter of Lantry v State of New York*, 6 NY3d 49, 55 [2005] [internal quotation marks omitted]). Additionally, the respondents may rely on collective bargaining agreements in making trade classifications (*see Matter of Lantry v State of New York*, 6 NY3d at 56; *Matter of Nash v New York State Dept. of Labor*, 34 AD3d 905, 906 [2006]; *Matter of CNP Mech., Inc. v Angello*, 31 AD3d 925, 927 [2006]). Here, the record demonstrates that the respondents gave due consideration to the nature of the work performed and relevant collective bargaining agreements. Consequently, the respondents' determination as to trade classification was not unreasonable.

Additionally, there is substantial evidence to support the respondents' finding that the petitioners willfully violated Labor Law § 220 by failing to pay prevailing wages and supplements. It is unnecessary to establish an intent to defraud in order to prove a willful violation. Rather, all that is required is proof that the employer knew or should have known that it was violating the prevailing wage laws (*see Matter of Nash v New York State Dept. of Labor*, 34 AD3d at 907; *Matter of Sarco Indus. v Angello*, 23 AD3d 715, 716 [2005]). In this regard, the record demonstrates that the petitioners are experienced contractors, that they were aware of the prevailing wage laws, and that they deliberately attempted to circumvent the application of those laws.

As to the amount of the penalty, the respondents have the authority to assess a civil penalty up to 25% of the total underpayment of wages and interest. In assessing the amount of the penalty, due consideration should be given to such factors as the size of the employer's business, the employer's good faith and history of prior violations, and the gravity of the violations (*see* Labor Law § 220 [8]; § 220-b [2] [d]). Moreover, an

administrative penalty must be upheld unless it " 'is so disproportionate to the offense as to be shocking to one's sense of fairness,' thus constituting an abuse of discretion as a matter of law" (*Matter of Waldren v Town of Islip*, 6 NY3d 735, 736 [2005], quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 237 [1974]; *see Matter of Rutkunas v Stout*, 8 NY3d 897, 898 [2007]). Here, the record demonstrates that the respondents gave due consideration to the relevant factors, and the 25% civil penalty imposed is not so disproportionate to the underlying offenses as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as a matter of law. Fisher, J.P., Dillon, Dickerson and Eng, JJ., concur.