■ In the Matter of D & D MASON CONTRACTORS, INC., et al., Petitioners, v M. PATRICIA SMITH, Commissioner of Labor, Department of Labor of the State of New York, et al., Respondents. [917 NYS2d 283]—

Proceeding pursuant to CPLR article 78 and Labor Law § 220 (8) to review a determination of the respondents New York State Department of Labor and M. Patricia Smith, Commissioner of Labor, dated June 25, 2009, which adopted the findings of fact and conclusions of law of a hearing officer dated February 9, 2009, which, after a hearing, inter alia, found that the petitioners willfully failed to pay prevailing wages and supplements to their employees in accordance with any valid trade classification on a public work project and had falsified payroll records.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioners' contention, the notice of hearing was reasonably specific, in light of all the relevant circumstances, and thus sufficient to apprise the petitioners of the charges against them and to allow for the preparation of an adequate defense (*see Matter of D'Ambrosio v Department of Health of State of N.Y.*, 4 NY3d 133, 140 [2005]; *Matter of Block v Ambach*, 73 NY2d 323, 332 [1989]; *Matter of Kiselgof v New York State Div. of Hous. & Community Renewal*, 22 AD3d 853, 854-855 [2005]; *Matter of Wohlleb v Board of Educ. of Bridgehampton Union Free School Dist.*, 231 AD2d 643, 644 [1996]). Furthermore, the petitioners failed to demonstrate that they

were prejudiced by any alleged inadequacy in the notice (*see Matter of Kiselgof v New York State Div. of Hous. & Community Renewal*, 22 AD3d 853, 855 [2005]; *Matter of Cerio v New York City Tr. Auth.*, 228 AD2d 676 [1996]).

The petitioners failed to make a clear showing that the Commissioner's classification of some of the subject workers as "Laborers (Highway)" does not reflect the nature of the work actually performed (*see Matter of Lantry v State of New York*, 6 NY3d 49, 55 [2005]; *Matter of R.I., Inc. v New York State Dept. of Labor*, 72 AD3d 1098, 1099 [2010]).

The determination was supported by substantial evidence (*see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 182 [1978]), including employee pay stubs which showed that the employees were not paid as represented in the certified payroll records submitted by the petitioners in response to the subject investigation. Contrary to the petitioners' assertion, hearsay evidence is admissible in an administrative proceeding, and where, as here, it is sufficiently relevant and probative, it may constitute substantial evidence (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]; *Matter of Gray v Adduci*, 73 NY2d 741, 742 [1988]; *People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]).

The petitioners have not satisfied their burden of establishing that the method utilized to calculate the amount of underpayments was unreasonable (*see Matter of Hy-Tech Coatings v New York State Dept. of Labor*, 226 AD2d 378, 379 [1996]; *Matter of Mid Hudson Pam Corp. v Hartnett*, 156 AD2d 818, 820 [1989]). In view of the petitioners' failure to produce complete and accurate records, the Department of Labor was entitled to make just and reasonable inferences and use other evidence to establish the amount of underpayments, even though the results may be approximate (*see Anderson v Mt. Clemens Pottery Co.*, 328 US 680, 687-688 [1946]; *Matter of Hy-Tech Coatings v New York State Dept. of Labor*, 226 AD2d at 379; *Matter of L & M Co. v New York State Dept. of Labor*, 171 AD2d 795 [1991]).

The requirement that an order or determination be made within six months from the date the compliance investigation is initiated (*see* Labor Law § 220 [7]) is directory, not mandatory (*see Matter of Cayuga-Onondaga Counties Bd. of Coop. Educ. Servs. v Sweeney*, 224 AD2d 989 [1996], *affd* 89 NY2d 395 [1996]; *Guercio v Gerosa*, 8 AD2d 250, 255 [1959], *affd* 8 NY2d 1104 [1960]), and the lapse of time in rendering an administrative determination, standing alone, does not constitute prejudice as a matter of law (*see Matter of Louis Harris & Assoc. v deLeon*, 84 NY2d 698, 702 [1994]; *Matter of Corning Glass*

*Works v Ovsanik*, 84 NY2d 619, 623-624 [1994]). The petitioners have not demonstrated any prejudice as a result of the delay in rendering the subject determination. Nor have they shown any period of unreasonable delay in the Department of Labor's investigation and hearing that should not be counted in computing the amount of interest (*cf. Matter of M. Passucci Gen. Constr. Co. v Hudacs*, 221 AD2d 987, 988 [1995]; *Matter of Georgakis Painters Corp. v Hartnett*, 170 AD2d 726, 729 [1991]). Florio, J.P., Eng, Belen and Austin, JJ., concur.