In the Matter of A. ULIANO & SON. LTD. et al., Petitioners, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. [949 NYS2d 84]—

Judicial review of an administrative determination made after a hearing required by law, and at which evidence is taken, is limited to whether that determination is supported by substantial evidence (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]). "[A] determination is regarded as being supported by substantial evidence when the proof is so substantial that from it an inference of the existence of the fact found may be drawn reasonably" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 179 [internal quotation marks omitted]). "[I]t is not the function of the reviewing court to weigh the evidence or substitute its own judgment for that of an administrative body to whose expertise a subject matter has been entrusted, but rather to determine whether there is a reasonable fulcrum of support in the record to sustain the body's findings" (*Matter of Furey v County of Suffolk*, 105 AD2d 41, 43-44 [1984] [internal quotation marks omitted]; *see Matter of R.I., Inc. v New York State Dept. of Labor*, 72 AD3d 1098, 1098-1099 [2010]).

While Labor Law § 220 "provides a specific process for calculating the 'prevailing rate of wage' (*see* Labor Law § 220 [5] [a]), it does not require a specific procedure for the Commissioner [of Labor] to use in evaluating the appropriate trade or occupation to assign to particular work" (*Matter of Lantry v State of New York*, 6 NY3d 49, 55 [2005]). In the absence of such a statutory directive, a reviewing court "will uphold the Commissioner's methodology as long as it is not unreasonable" (*id.* at 55). Moreover, "trade classifications 'are a matter given to the expertise of the Department [of Labor] and courts are strongly disinclined to disturb them, absent a clear showing that a classification does not reflect the nature of the work actually performed' " (*id.*, quoting *Matter of General Elec. Co. v New York State Dept. of Labor*, 154 AD2d 117, 120 [1990], *affd* 76 NY2d 946 [1990] [some internal quotation marks and citations omitted]; *see Matter of R.I., Inc. v New York State Dept. of Labor*, 72 AD3d at 1099).

Here, it was permissible for the respondents to determine that the petitioners' employees, including John Bradley, should have been classified as "laborers" for work on the subject public works project on certain days, and as "operators" for work on other days. However, the respondents failed to offer any

explanation for adopting the daily classifications set forth in the audit that was prepared by an investigator from the respondent New York State Department of Labor (hereinafter the DOL). In classifying Bradley's work as that of an "operator" on certain days and that of a "laborer" on other days, the investigator ignored his own observation of Bradley's work, and selectively and indiscriminately used information from several union contribution forms (*cf. Matter of D.D.G. Gen. Contr. Corp. v Hartnett*, 149 AD2d 819, 820-821 [1989]). As Bradley's classification on each day was relevant to the calculation of the underpayment of the wages and supplemental benefits to which he was due, the respondents' determination that Bradley was underpaid in the principal sum of $825.96 for all of his work on the project was not supported by substantial evidence. This determination must, therefore, be annulled and the matter remitted to the respondents for a new determination of the daily classification of Bradley's work, and a reassessment thereafter of the amount of wages and supplemental benefits owed by the petitioners to Bradley.

However, the respondents' determination regarding the number of hours worked by each of the subject employees, including Bradley, was supported by substantial evidence. "When an employer fails to keep accurate records as required by statute, the Commissioner [of Labor] is permitted to calculate back wages due to employees by using the best available evidence and to shift the burden of negating the reasonableness of the Commissioner's calculations to the employer" (*Matter of Mid Hudson Pam Corp. v Hartnett*, 156 AD2d 818, 821 [1989]; *see Matter of Hy-Tech Coatings v New York State Dept. of Labor*, 226 AD2d 378, 379 [1996]; *see also Anderson v Mt. Clemens Pottery Co.*, 328 US 680, 687-688 [1946]). As the enforcement provision of the prevailing wage statute is remedial in nature, and since its public purpose is to protect workers, the New York State Commissioner of Labor is entitled "to make just and reasonable inferences in awarding damages to employees even while the results may be approximate" (*Matter of Mid Hudson Pam Corp. v Hartnett*, 156 AD2d at 820; *see Matter of Hy-Tech Coatings v New York State Dept. of Labor*, 226 AD2d at 379; *Matter of L & M Co. v New York State Dept. of Labor*, 171 AD2d 795 [1991]). Nevertheless, "the approximation must at least have some rational basis" in the record (*Matter of John Schepanski Roofing & Gutters v Roberts*, 133 AD2d 757, 758 [1987]; *see Matter of D.D.G. Gen. Contr. Corp. v Hartnett*, 149 AD2d at 821).

In light of the petitioners' failure to produce complete and ac-

curate payroll records, the respondents were entitled to adopt the figures set forth in the audit, which used information obtained from investigatory interviews with the employees, as well as information contained in a wage claim form filed with the DOL (*see Matter of Emes Heating & Plumbing Contrs. v McGowen*, 279 AD2d 819 [2001]; *Matter of Agency Constr. Corp. v Hudacs*, 205 AD2d 980 [1994]; *Matter of Mid Hudson Pam Corp. v Hartnett*, 156 AD2d at 820). Insofar as the petitioners contend that the respondents should have credited the evidence which they produced at the hearing regarding the number of hours worked by each employee, "[t]he law is well settled that when there is conflicting testimony and questions of credibility, the reviewing court may not weigh the evidence or reject the administrative agency's determination of credibility" (*Matter of Saitanis Enters. v Hines*, 201 AD2d 738, 738-739 [1994]; *see Matter of Nicoletta v Hartnett*, 157 AD2d 922 [1990]; *Matter of Mid Hudson Pam Corp. v Hartnett*, 156 AD2d at 820). Accordingly, the petitioners failed to satisfy their burden of demonstrating that the method used to calculate the number of hours worked by each employee was unreasonable (*see Matter of D & D Mason Contrs., Inc. v Smith*, 81 AD3d 943, 944 [2011]; *Matter of Hy-Tech Coatings v New York State Dept. of Labor*, 226 AD2d at 379; *Matter of Mid Hudson Pam Corp. v Hartnett*, 156 AD2d at 820).

Additionally, there was substantial evidence to support the respondents' determination that the petitioners willfully violated Labor Law § 220 by failing to pay prevailing wages and supplements. All that is required in order to demonstrate a willful violation is proof that the employer knew, or should have known, that it was violating the prevailing wage laws (*see Matter of R.I., Inc. v New York State Dept. of Labor*, 72 AD3d at 1099; *Matter of Nash v New York State Dept. of Labor*, 34 AD3d 905, 907 [2006]; *Matter of Consolidated Masonry Contrs. v Angello*, 2 AD3d 997 [2003]). Here, the evidence in the record established a willful violation, in that it revealed that the petitioners were experienced contractors who were aware that the project was subject to the prevailing wage law, and that they had a prior history of underpayments (*see Matter of R.I., Inc. v New York State Dept. of Labor*, 72 AD3d at 1099; *Matter of Nash v New York State Dept. of Labor*, 34 AD3d at 907; *Matter of Sarco Indus. v Angello*, 23 AD3d 715, 716 [2005]; *Matter of Consolidated Masonry Contrs. v Angello*, 2 AD3d 997 [2003]; *Matter of Baywood Elec. Corp. v New York State Dept. of Labor*, 232 AD2d 553, 555 [1996]).

Furthermore, there was substantial evidence to support the

respondents' determination that the petitioners falsified payroll records (*see Matter of Alca Indus. v McGowan*, 258 AD2d 704, 705 [1999]; *Matter of Lapeka Constr. Corp. v Sweeney*, 236 AD2d 538 [1997]; *Matter of Hy-Tech Coatings v New York State Dept. of Labor*, 226 AD2d 378 [1996]).

The petitioners' remaining contentions are without merit. Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.