Proceeding pursuant to CPLR article 78 and Labor Law § 220 (8) to a review a determination of Colleen Gardner, the Commissioner of the New York State Department of Labor, dated November 28, 2011, which adopted the findings of fact and conclusions of law of a hearing officer dated September 20, 2011, which, after a hearing, inter alia, found that the petitioner willfully failed to pay prevailing wages and supplements to *646 certain employees on a public work project, directed the petitioner to pay the principal sum of $27,444.64 to those employees for underpayment of wages and supplemental benefits plus interest at the annual rate of 16%, and assessed a civil penalty in the amount of 25% of the underpayments.
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner performed roofing work and repairs at several school buildings in the Mount Vernon School District pursuant to “open order” purchase orders for the time periods of August 1, 2007, through June 30, 2008, and July 1, 2008, through June 30, 2009. An investigation by the New York State Department of Labor into whether the petitioner was paying the required prevailing wages and supplements to certain workers pursuant to Labor Law § 220 led to the issuance of a citation to the petitioner for wage violations. At the conclusion of a hearing on the charges, the Hearing Officer determined, inter alia, that the petitioner underpaid four of his employees in the total sum of $27,444.64. This determination, as well as the Hearing Officer’s recommendation to, inter alia, impose 16% interest and a civil penalty of 25% of the underpayments was confirmed and adopted by Colleen Gardner, the Commissioner of the New York State Department of Labor (hereinafter the Commissioner). Thereafter, the petitioner commenced this proceeding to review the determination.
Judicial review of an administrative determination made after a hearing required by law, and at which evidence is taken, is limited to whether that determination is supported by substantial evidence (see 300 Gramatan Ave. Assoc, v State Div. of Human Rights, 45 NY2d 176, 179 [1978]; Matter of A. Uliano & Son. Ltd. v New York State Dept. of Labor, 97 AD3d 664, 665 [2012]; Matter of R.I., Inc. v New York State Dept. of Labor, 72 AD3d 1098 [2010]). “[A] determination is regarded as being supported by substantial evidence when the proof is so substantial that from it an inference of the existence of the fact found may be drawn reasonably” (Matter of A. Uliano & Son. Ltd. v New York State Dept. of Labor, 97 AD3d at 665 [internal quotation marks omitted]; see Matter of R.I., Inc. v New York State Dept, of Labor, 72 AD3d at 1098; 300 Gramatan Ave. Assoc, v State Div. of Human Rights, 45 NY2d at 180). “[I]t is not the function of the reviewing court to weigh the evidence or substitute its own judgment for that of an administrative body to whose expertise a subject matter has been entrusted, but rather to determine whether there is a reasonable fulcrum of *647 support in the record to sustain the body’s findings” (Matter of A. Uliano & Son. Ltd. v New York State Dept, of Labor, 97 AD3d at 665 [internal quotation marks omitted]; see Matter of R.I., Inc. v New York State Dept. of Labor, 72 AD3d at 1098-1099).
Contrary to the petitioner’s contentions, Labor Law § 220 applies to the subject work (see Labor Law § 220 [3] [c]; Matter of Bridgestone/Firestone, Inc. v Hartnett, 175 AD2d 495, 496-497 [1991]; see also Matter of Twin State CCS Corp. v Roberts, 72 NY2d 897, 898-899 [1988]; Timmons v Barrett Paving Materials, Inc., 83 AD3d 1473, 1476 [2011]; Goncalves v 515 Park Ave. Condominium, 39 AD3d 262 [2007]; Sarmiento v Klar Realty Corp., 35 AD3d 834, 836 [2006]; Felter v Mercy Community Hosp. of Port Jervis, 244 AD2d 385, 386 [1997]; Kay-Bee Toys Corp. v Winston Sports Corp., 214 AD2d 457, 458 [1995]; Matter of LBS of Frankfort v Hudacs, 185 AD2d 476 [1992]).
Contrary to the petitioner’s further contentions, the Commissioner’s determination that the petitioner underpaid his employees was supported by substantial evidence (see Matter of D & D Mason Contrs., Inc. v Smith, 81 AD3d 943, 944 [2011]; Matter of Bridgestone/Firestone, Inc. v Hartnett, 175 AD2d at 496-497). In light of the petitioner’s failure to produce complete and accurate records, the Hearing Officer was permitted to make just and reasonable inferences using the best available evidence to calculate the amount of underpayments, even though the results may be approximate (see Matter of A. Uliano & Son. Ltd. v New York State Dept, of Labor, 97 AD3d at 666; Matter of D & D Mason Contrs., Inc. v Smith, 81 AD3d at 944; Matter of L & M Co. v New York State Dept, of Labor, 171 AD2d 795 [1991]). Insofar as the petitioner contends that the Hearing Officer should not have credited the employees’ testimony and should have credited his evidence regarding the number of hours worked by each employee, “when there is conflicting testimony and questions of credibility, the reviewing court may not weigh the evidence or reject the administrative agency’s determination of credibility” (Matter of A. Uliano & Son. Ltd. v New York State Dept, of Labor, 97 AD3d at 667 [internal quotation marks omitted]). The petitioner has not satisfied his burden of establishing that the method utilized to calculate the amount of underpayments was unreasonable (see Matter of D & D Mason Contrs., Inc. v Smith, 81 AD3d at 944; Matter of Hy-Tech Coatings v New York State Dept. of Labor, 226 AD2d 378, 379 [1996]; Matter of Mid Hudson Pam Corp. v Hartnett, 156 AD2d 818, 820 [1989]).
Additionally, there is substantial evidence, to support the Commissioner’s conclusion that the petitioner willfully violated *648 Labor Law § 220. It is unnecessary to establish an intent to defraud in order to prove a willful violation. Rather, all that is required is proof that the employer knew or should have known that it was violating the prevailing wage laws (see Matter of A. Uliano & Son. Ltd. v New York State Dept, of Labor, 97 AD3d at 667; Matter of R.I., Inc. v New York State Dept. of Labor, 72 AD3d at 1099; Matter of L & M Co. v New York State Dept. of Labor, 171 AD2d 795 [1991]).
As to the amount of the penalty, the Commissioner has the authority to assess a civil penalty of up to 25% of the total underpayment of wages and interest (see Matter of R.I., Inc. v New York State Dept. of Labor, 72 AD3d at 1099-1100; Matter of L & M Co. v New York State Dept. of Labor, 171 AD2d 795 [1991]). Here, the record demonstrates that the Hearing Officer gave due consideration to the relevant factors, and the 25% civil penalty imposed is not so disproportionate to the underlying offenses as to be “shocking to one’s sense of fairness” (Matter of R.I., Inc. v New York State Dept. of Labor, 72 AD3d at 1099-1100).
The petitioner’s remaining contentions are without merit (see Matter of General Design & Dev. v McGowan, 260 AD2d 740, 740-741 [1999]; Matter of Baywood Elec. Corp. v New York State Dept. of Labor, 232 AD2d 553, 554 [1996]). Leventhal, J.P., Austin, Roman and Sgroi, JJ., concur.