Determinations of respondent Industrial Board of Appeals, dated September 9, 2011, and December 14, 2011, which, respectively, inter alia, directed respondent Commissioner of Labor to recalculate a wage order dated August 27, 2009, and issue an amended wage order, and, upon application for reconsideration, adhered to the prior determination, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Alexander W. Hunter, Jr., J.], entered on or about February 23, 2012) dismissed, without costs.
Substantial evidence supports the Board’s determination that the claimant, Mehmet Aydin, worked 56 hours per week at petitioners’ dry cleaning plants from August 2000 until January 30, 2005, and is entitled to unpaid overtime and interest (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 181 [1978]). Aydin testified that, during this period, he worked from 7:30 or 8:00 a.m. until 6:00 p.m. on weekdays *572 and from 8:00 a.m. until 5:00 p.m. on Saturdays. The burden then shifted to petitioners to produce evidence of “the precise amount of work [he] performed” or to undermine “the reasonableness of the inference to be drawn from [his] evidence” (see Anderson v Mt. Clemens Pottery Co., 328 US 680, 687-688 [1946]; see Matter of D & D Mason Contrs., Inc. v Smith, 81 AD3d 943, 944 [2d Dept 2011], lv denied 17 NY3d 714 [2011]; Matter of Hy-Tech Coatings v New York State Dept. of Labor, 226 AD2d 378, 379 [2d Dept 1996]). Petitioners admit that they maintained no records of Aydin’s hours for the relevant time period; they attempted to reconstruct those hours. The Board was entitled to credit Aydin’s testimony and to discredit petitioners’ reconstruction, which was based upon a series of estimates and extrapolations that rested on dubious or unsubstantiated assertions, including monthly dry cleaning revenue figures (see Matter of Café La China Corp. v New York State Liq. Auth., 43 AD3d 280, 281 [1st Dept 2007]).
Petitioners failed to show that the hearing was tainted by bias or that they were otherwise deprived of their right to due process (see Matter of Hughes v Suffolk County Dept. of Civ. Serv., 74 NY2d 833 [1989]; Matter of Sunnen v Administrative Rev. Bd. for Professional Med. Conduct, 244 AD2d 790 [3d Dept 1997], lv denied 92 NY2d 802 [1998]).
We have considered petitioners’ remaining arguments and find them unavailing. Concur — Gonzalez, EJ., Sweeny, Renwick, Manzanet-Daniels and Román, JJ.