12-3885-cv
*RI Inc., et al. v. Gardner, et al.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25ᵗʰ day of June, two thousand thirteen.

PRESENT:

> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
> *Circuit Judges.*

---

RI, INC., DBA SEATING SOLUTIONS, LISA SUPRINA, SCOTT SUPRINA, TONY ENGLISH,

*Plaintiffs-Appellants,*

v.                                                    No. 12-3885-cv

COLLEEN GARDNER, in her official capacity as New York State Commissioner of Labor, M. PATRICIA SMITH, in her individual and official capacity as former New York State Commissioner of Labor, JOSEPH OCON, in his individual and official capacity as senior wage investigator at New York State Department of Labor, MATTHEW MYERS, in his individual and official capacity as senior public works wage investigator at the New York State Department of Labor, CHRISTOPHER ALUND,

*Defendants-Appellees.*

---

**FOR PLAINTIFFS-APPELLANTS:**          TERRY KLEIN, Henshon Klein LLP, Boston, MA.

**FOR DEFENDANTS-APPELLEES:**            LESLIE B. DUBECK, Assistant Solicitor
General (Barbara D. Underwood, Solicitor
General, Steven C. Wu, Special Counsel to the
Solicitor General, *on the brief*), *for* Eric T.
Schneiderman, Attorney General of the State
of New York, New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 23, 2012 judgment of the District Court granting summary judgment for defendants-appellees is **AFFIRMED**.

Plaintiffs-appellants, R.I., Inc. d/b/a/ Seating Solutions, a New York corporation, and certain of its officers ("Seating Solutions" or "plaintiffs"), appeal from the District Court's summary judgment, granted pursuant to Fed. R. Civ. P. 56, in favor of defendants-appellees, various employees of the New York Department of Labor (the "Department") responsible for enforcing New York's prevailing wage statute. *See* N.Y. Labor Law § 220 *et seq.* ("§ 220"). Under that statute, the wages to be paid in New York "for a legal day's work . . . to laborers, workmen, or mechanics upon . . . public works, shall not be less than the prevailing rates of wages." § 220(3)(a).[1] The "prevailing rates of wages," in New York state are generally determined by the Commissioner of the Department,[2] based on collective bargaining agreements ("CBAs"). *See* § 220(5)(a). If an employer fails to pay the prevailing wage, the Department has the statutory authority to withhold payment for the public work while commencing an investigation and administrative proceedings. *See* § 220(b)(2)(c).

In early 2006, the Department investigated Seating Solutions for failing to pay the prevailing wages, and supplements, to workers that the Department classified as "ornamental ironworkers." *RI, Inc. v. Gardner*, 889 F. Supp. 2d 408, 412 (E.D.N.Y. 2012). Plaintiffs argued that the Department "did not perform any independent inquiry into the wages actually paid for similar work," and instead only relied "on the collective bargaining agreements of established trade unions," in particular the Ironworkers' CBA.[3] *Id.* (internal quotation marks omitted). Based on its calculation of the

---

[1] The statute similarly requires wage supplements, such as benefits and life insurance, to be paid according to prevailing local practices. *See* §220(3)(b).

[2] The Comptroller of the City of New York, however, sets the prevailing wage rates for the New York City. *See* § 220(5)(a).

[3] The Ironworkers' CBA was reached between the Allied Building Metal Industries, Inc., and the Architectural and Ornamental Iron Workers Local Union No. 580. *See RI, Inc.*, 889 F. Supp. 2d at 412.

prevailing wages and supplements, the Department initially assessed that Seating Solutions had underpaid its workers by more than $300,000. Plaintiffs, with the assistance of counsel, challenged this determination at an administrative hearing. The hearing officer issued a Report and Recommendation upholding the Department's initial assessment, which the Commissioner of Labor subsequently adopted. Plaintiffs then commenced an Article 78 proceeding in New York state court, before the Second Department, challenging the Department's determination. *See R.I., Inc. v. N.Y. Dep't of Labor*, 900 N.Y.S.2d 124 (2d Dep't 2010). While the Article 78 proceeding was pending, plaintiffs instituted this suit before the District Court, pursuant to 42 U.S.C. § 1983, claiming violations of: (1) substantive due process; (2) equal protection; and (3) of their rights under the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 151 *et seq. See RI, Inc.*, 889 F. Supp. 2d at 412. Five days after plaintiffs commenced their federal action, the Second Department held that the Department properly classified Seating Solutions' workers as ornamental ironworkers and laborers and that the Department could "rely on collective bargaining agreements in making trade classifications." *R.I., Inc.*, 900 N.Y.S.2d at 126 (citing authorities).

On May 15, 2012, the District Court denied a discovery application by plaintiffs to conduct a forensic examination of the office computers of two senior wage investigators, as both "untimely" and "devoid of merit." On August 23, 2012, the District Court granted summary judgment for the Department. This appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review, to which we refer only as necessary to explain our decision to affirm.

On appeal, plaintiffs assert many of the same claims that they raised before the District Court: (1) that New York's prevailing wage law, § 220, is not a minimum labor standard and is, therefore, preempted by the NLRA; (2) that the District Court erred in dismissing their substantive due process claims; and (3) that the District Court abused its discretion in denying plaintiffs' motion for forensic examination of the office computers of two senior wage investigators.

We review an order granting summary judgment *de novo* and "resolv[e] all ambiguities and draw[ ] all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Winfield v. Trottier*, 710 F.3d 49, 52 (2d Cir. 2013). We review a district court's denial of a motion for further discovery for an abuse of discretion, *see Gualandi v. Adams*, 385 F.3d 236, 244-45 (2d Cir. 2004), and will not reverse where a plaintiff has failed to show "how the facts sought are reasonably expected to create a genuine issue of material fact," *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994). *See also Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining the term of art "abuse of discretion").

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the judgment of the District Court substantially for the reasons articulated in Magistrate Judge Boyle's Order of March 21, 2012, affirmed by the District Court, and Judge Wexler's thorough and well-reasoned Order of August 23, 2012. *See RI, Inc.*, 889 F. Supp. 2d at 408.

We have reviewed all of plaintiffs' arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the August 23, 2012 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk