Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) pursuant to Labor Law § 220 [8] to annul the determination of respondent Roberta Reardon, Commissioner of Labor. The determination adjudged, inter alia, that petitioner Frank J. Marianacci, Inc. failed to pay prevailing wages and wage supplements to certain of its employees on a public work project.
 

 It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.
 

 Memorandum: In this original CPLR article 78 proceeding commenced in this Court pursuant to Labor Law § 220 (8), petitioners challenge the determination of respondent Roberta Reardon, Commissioner of Labor (Commissioner), that, inter alia, petitioner Frank J. Marianacci, Inc. (FJM) failed to pay prevailing wages and wage supplements to certain of its employees on a public work project. “ ‘Judicial review of an administrative determination following a hearing required by law is limited to whether the determination is supported by substantial evidence’ ” (Matter of Johnson v Town of Amherst, 74 AD3d 1896, 1897 [4th Dept 2010], lv denied 15 NY3d 712 [2010]; see CPLR 7803 [4]). Contrary to petitioners’ contention, substantial evidence supports the Commissioner’s determination that the Department of Labor (Department) ascertained the appropriate classifications for the disputed work (see Matter of Lantry v State of New York, 6 NY3d 49, 54 [2005]). Such “classifications for work embraced by Labor Law § 220 are a matter given to the expertise of the Department and courts are strongly disinclined to disturb them, absent a clear showing that a classification does not reflect ‘the nature of the work actually performed’ ” (Matter of General Elec. Co. v New York State Dept. of Labor, 154 AD2d 117, 120 [3d Dept 1990], affd 76 NY2d 946 [1990] [citations omitted], quoting Matter of Kelly v Beame, 15 NY2d 103, 109 [1965]). We reject petitioners’ contention that the Department improperly relied upon collective bargaining agreements in making its classifications (see § 220 [5]; Lantry, 6 NY3d at 52). Indeed, it is well established that the Department may rely on such agreements in making trade classifications under the prevailing wage laws (see Matter of CNP Mech., Inc. v Angello, 31 AD3d 925, 927 [3d Dept 2006], lv denied 8 NY3d 802 [2007]). Here, the record establishes that the Department “gave due consideration to the nature of the work performed and [the] relevant collective bargaining agreements” (Matter of R.I., Inc. v New York State Dept. of Labor, 72 AD3d 1098, 1099 [2d Dept 2010], lv denied 17 NY3d 703 [2011]), and we decline to disturb the Commissioner’s determination. The record does not support the contention of petitioners that the burden of proof was improperly-shifted to them. To the extent that the Hearing Officer’s report and recommendation suggests that petitioners bore any burden to present evidence, such burden was placed on them only after the Hearing Officer concluded that the Department had met its burden.
 

 Substantial evidence also supports the Commissioner’s determination that the violation of Labor Law § 220 was willful on the part of FJM and petitioner Bryan Marianacci. The record establishes that “petitioners are experienced contractors, that they were aware of the prevailing wage laws, and that [FJM and Bryan Marianacci] deliberately attempted to circumvent the application of those laws” to the employees at issue (R.I., Inc., 72 AD3d at 1099).
 

 Finally, FJM and Bryan Marianacci contend that they were improperly debarred from future public work projects because there was no evidence of a prior prevailing wage law violation by Bryan Marianacci and because the prior willful violation by FJM was more than six years prior to the instant violation (see Labor Law § 220-b [3] [b] [1]). The Commissioner does not dispute that contention and, indeed, asserts that she did not request debarment of either petitioner. We recognize that the report and recommendation of the Hearing Officer, which was adopted by the Commissioner, is ambiguous on the question of debarment, but we infer, based upon the Commissioner’s position in this proceeding, that debarment was neither sought nor imposed. With that interpretation in mind, we confirm the determination and dismiss the petition.
 

 Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.