Matter of Sarcinelli v New York State Dept. of Motor Vehs. (2018 NY Slip Op 07916)





Matter of Sarcinelli v New York State Dept. of Motor Vehs.


2018 NY Slip Op 07916


Decided on November 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


1251 TP 18-00885

[*1]IN THE MATTER OF JOSEPH A. SARCINELLI, DOING BUSINESS AS AMERICAN AUTO WORLD, INC., PETITIONER,
v
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES AND NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES APPEAL BOARD, RESPONDENTS. 






MCGRATH LAW FIRM, PLLC, KENMORE (PETER MCGRATH OF COUNSEL), FOR PETITIONER.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (ALLYSON B. LEVINE OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Erie County [Tracey A. Bannister, J.], entered May 8, 2018) to review a determination of respondents. The determination, among other things, revoked petitioner's dealership registration. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul a determination that revoked his automobile dealer registration and imposed a civil penalty. We conclude that the determination is supported by substantial evidence and we therefore confirm it (see Matter of T's Auto Care, Inc. v New York State Dept. of Motor Vehs. Appeals Bd., 15 AD3d 881, 881 [4th Dept 2005]; see also Matter of Frank J. Marianacci, Inc. v Reardon, 156 AD3d 1422, 1423 [4th Dept 2017]; see generally CPLR 7803 [4]; Matter of Ridge Rd. Fire Dist. v Schiano, 16 NY3d 494, 499 [2011]). Eleven of the 14 charges against petitioner arose from the sale of two repossessed vehicles by petitioner's father. Petitioner does not dispute that those sales were improper and resulted in violations of the Vehicle and Traffic Law and applicable regulations. Moreover, contrary to petitioner's contention, the hearing testimony and the documents entered in evidence constituted substantial evidence supporting the conclusion that petitioner's father was acting as petitioner's agent when engaging in those transactions. Additionally, we conclude that the determination with respect to the remaining three charges, alleging violations of 15 NYCRR 78.15 (a) and 15 NYCRR 78.25 (b), is supported by substantial evidence.
Finally, petitioner failed to preserve for our review his further contention that he was deprived of a fair hearing "inasmuch as he did not raise an objection on that ground before the Administrative Law Judge" (Matter of Gorman v New York State Dept. of Motor Vehs., 34 AD3d 1361, 1361 [4th Dept 2006]; see Matter of Khan Auto Serv., Inc. v New York State Dept. of Motor Vehs., 123 AD3d 1258, 1260 [3d Dept 2014]; see also Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]).
Entered: November 16, 2018
Mark W. Bennett
Clerk of the Court