Matter of Suburban Restoration Co., Inc. v State of New York Dept. of Labor (2025 NY Slip Op 04574)

Matter of Suburban Restoration Co., Inc. v State of New York Dept. of Labor

2025 NY Slip Op 04574

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2021-04462

[*1]In the Matter of Suburban Restoration Co., Inc., et al., petitioners, 
v
State of New York Department of Labor, respondent.

Law Offices of Charles Shaw, P.C., New York, NY (Karilyn M. Ward and Elizabeth J. DeSalvo of counsel), for petitioners.
Letitia James, Attorney General, New York, NY (Karen Cacace, Seth Kupferberg, and Roya Aghanori of counsel), for respondent.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 and Labor Law § 220(8) to review a determination of the Commissioner of the New York State Department of Labor dated March 29, 2021. The determination adopted the findings of fact, conclusions of law, and recommendations of a hearing officer dated March 22, 2021, which, after a hearing, inter alia, (1) found that the petitioner Suburban Restoration Co., Inc., willfully failed to pay prevailing wages and supplements to certain employees on three public work projects in the sums of $2,055.95, $17,767.20, and $24,159.17, (2) found that the petitioner Suburban Restoration Co., Inc., falsified payroll records, (3) directed the petitioner Suburban Restoration Co., Inc., to pay interest on the underpayments at the annual rate of 16% from the date of underpayment until the date of payment, except for a seven-year period therein, and (4) assessed a civil penalty in the amount of 15% of the underpayments.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
In June 2021, the petitioners commenced this proceeding pursuant to CPLR article 78 and Labor Law § 220(8) to review a determination of the Commissioner of the New York State Department of Labor (hereinafter the Commissioner) dated March 29, 2021, which adopted the findings of fact, conclusions of law, and recommendations of a hearing officer dated March 22, 2021, made after a hearing. The hearing officer found, inter alia, that the petitioner Suburban Restoration Co., Inc. (hereinafter Suburban), willfully failed to pay prevailing wages and supplements to certain employees on three public work projects in the sums of $2,055.95, $17,767.20, and $24,159.17, and that Suburban falsified payroll records. The hearing officer recommended, among other things, that Suburban be directed to pay interest on the underpayments at the annual rate of 16% from the date of underpayment until the date of payment, except for a seven-year period therein, and that a civil penalty be assessed in the amount of 15% of the underpayments.
In a CPLR article 78 proceeding in which a quasi-judicial hearing required by law "is held, review is limited to deciding whether the determination is supported by substantial evidence in the record" (Matter of Eric Lutz Constr. v McGowan, 283 AD2d 574, 575). "Generally speaking, upon a judicial review of findings made by an administrative agency, a determination is regarded as [*2]being supported by substantial evidence when the proof is 'so substantial that from it an inference of the existence of the fact found may be drawn reasonably'" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179, quoting Matter of Stork Rest. v Boland, 282 NY 256, 273). "'[I]t is not the function of the reviewing court to weigh the evidence or substitute its own judgment for that of an administrative body to whose expertise a subject matter has been entrusted, but rather to determine whether there is a reasonable fulcrum of support in the record to sustain the body's findings'" (Matter of A. Uliano & Son, Ltd. v New York State Dept. of Labor, 97 AD3d 664, 665, quoting Matter of Furey v County of Suffolk, 105 AD2d 41, 43-44). "'[T]he law is well settled that when there is conflicting testimony and questions of credibility, the reviewing court may not weigh the evidence or reject the administrative agency's determination of credibility'" (Matter of A. Uliano & Son, Ltd. v New York State Dept. of Labor, 97 AD3d at 667, quoting Matter of Saitanis Enters. v Hines, 201 AD2d 738, 738-739).
Here, the Commissioner's determination that Suburban underpaid the employees is supported by substantial evidence, including banking records that showed that the employees were not paid as represented in the certified payroll records submitted by the petitioners in response to the subject investigation (see Matter of Scuderi v Gardner, 103 AD3d 645, 647; Matter of D & D Mason Contrs., Inc. v Smith, 81 AD3d 943, 944). "'When an employer fails to keep accurate records as required by statute, the Commissioner . . . is permitted to calculate back wages due to employees by using the best available evidence and to shift the burden of negating the reasonableness of the Commissioner's calculations to the employer'" (Matter of A. Uliano & Son, Ltd. v New York State Dept. of Labor, 97 AD3d at 666, quoting Matter of Mid Hudson Pam Corp. v Hartnett, 156 AD2d 818, 821). The petitioners have not satisfied their burden of establishing that the method utilized to calculate the amount of underpayments was unreasonable (see Matter of D & D Mason Contrs., Inc. v Smith, 81 AD3d at 944).
Moreover, contrary to the petitioners' contention, the determination that Suburban willfully failed to pay the prevailing wages is supported by substantial evidence. "It is unnecessary to establish an intent to defraud in order to prove a willful violation" (Matter of Scuderi v Gardner, 103 AD3d at 648). "All that is required in order to demonstrate a willful violation is proof that the employer knew, or should have known, that it was violating the prevailing wage laws" (Matter of A. Uliano & Son, Ltd. v New York State Dept. of Labor, 97 AD3d at 667). Here, Suburban was an experienced public works contractor, and its officers knew or should have known how to comply with the prevailing wage schedules (see Matter of Chesterfield Assoc. v New York State Dept. of Labor, 3 AD3d 491, 492).
In addition, there is substantial evidence to support the Commissioner's determination that Suburban falsified payroll records (see Matter of A. Uliano & Son, Ltd. v New York State Dept. of Labor, 97 AD3d at 667-668; Matter of Hy-Tech Coatings v New York State Dept. of Labor, 226 AD2d 378, 379).
Furthermore, "'trade classifications are a matter given to the expertise of the Department [of Labor] and courts are strongly disinclined to disturb them, absent a clear showing that a classification does not reflect the nature of the work actually performed'" (Matter of A. Uliano & Son, Ltd. v New York State Dept. of Labor, 97 AD3d at 665 [internal quotation marks omitted], quoting Matter of Lantry v State of New York, 6 NY3d 49, 55). Here, the petitioners have failed to make a clear showing that the classification of the subject workers did not reflect the nature of the work actually performed.
"[T]he lapse of time in rendering an administrative determination, standing alone, does not constitute prejudice as a matter of law" (Matter of D & D Mason Contrs., Inc. v Smith, 81 AD3d at 944). Here, the petitioners have failed to demonstrate that they sustained substantial actual prejudice as a result of the delay in commencing and conducting the administrative hearing sufficient to warrant annulment of the Commissioner's determination (see id.).
Finally, "an administrative penalty must be upheld unless it is so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion as [*3]a matter of law" (Matter of R.I., Inc. v New York State Dept. of Labor, 72 AD3d 1098, 1099-1100 [internal quotation marks omitted]). Contrary to the petitioners' contention, the civil penalty imposed was within the limits set by the Labor Law and was not so disproportionate to the underlying offense as to be shocking to one's sense of fairness (see Matter of Ramirez v Commissioner of Labor of State of N.Y., 110 AD3d 901, 902).
The petitioners' remaining contentions either are based on matter dehors the record, are improperly raised for the first time in reply, or need not be reached in light of our determination.
Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding on the merits.
CONNOLLY, J.P., CHRISTOPHER, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court