In the Matter of FRANK NICOLETTA, Doing Business as NICOLETTA BUILDING CONSTRUCTION and Others, Petitioner, v THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Levine, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Labor Law § 220) to review a determination of respondent which, *inter alia,* found that petitioner had willfully underpaid employees.

In September 1985, petitioner (doing business as Nicoletta Building Contractors) entered into a contract with the Village of Seneca Falls, Seneca County, for construction work involving the village offices. Thereafter, the Department of Labor issued to petitioner a "prevailing rate schedule" which specified the hourly wage rates to be paid to workers on the project.

In August 1986, a complaint of underpayment of wages was received by the Bureau of Public Works and an investigation

was commenced to determine whether petitioner had paid prevailing wages and supplements to his employees. The investigation revealed that petitioner had paid all seven of his employees less than the required prevailing wages and supplements. Thereafter, the Department of Labor held an administrative hearing on the matter. At the conclusion of the hearing, the Hearing Officer recommended that petitioner be found to have willfully violated Labor Law § 220 by failing to pay prevailing wages and supplements to the seven employees. The Hearing Officer further recommended that interest be assessed at 10% per annum and a civil penalty of $1,175, approximately 10% of the underpayment, be imposed. Respondent adopted the recommendations and this proceeding, challenging respondent's determination only as to three of the seven employees, ensued.

Petitioner contends that respondent's determination that he underpaid Steven Di Santo, Robert Marr and Christopher Wilbur is not supported by substantial evidence. We disagree. Although conflicting evidence was presented concerning the claims of these employees, matters of credibility are exclusively within the province of respondent to resolve (see, Matter of Hull-Hazard, Inc. v Roberts, 129 AD2d 348, 352, affd 72 NY2d 900). Respondent's finding of underpayment was amply supported by the testimony of Thomas Burns, who conducted the investigation of petitioner for the Department of Labor, and Di Santo, one of the employees in question. There was also sufficient evidence to support respondent's conclusion that petitioner's violation of the Labor Law was willful (see, Matter of Cam-Ful Indus. [Roberts], 128 AD2d 1006, 1007). Finally, we are not persuaded that respondent erred in imposing a 10% rate of interest and a civil penalty.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.