■ In the Matter of LAPEKA CONSTRUCTION CORP. et al., Petitioners, v JOHN E. SWEENEY et al., Respondents. [654 NYS2d 646] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York

State Department of Labor dated April 10, 1995, which, after a hearing, (1) found that the petitioner Nu-Con Construction willfully failed to pay prevailing wages and supplements in violation of Labor Law § 220, (2) directed Nu-Con Construction to pay back wages with interest of 16% per annum and assessed a 25% civil penalty, and (3) found that the petitioners falsified payroll records and therefore disqualified them from performing work as a contractor or subcontractor for a period of five years from the date of the determination.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioners' contention, the prevailing wage requirements of Labor Law § 220 were applicable to the project at issue, the construction of a new fire house for the Elmont Fire District. Furthermore, the respondents' determinations that the petitioner Nu-Con Construction was the "alter ego" of the petitioner Lapeka Construction Corp. (*see generally, National Labor Relations Bd. v Amateyus, Ltd.,* 817 F2d 996, *cert denied* 484 US 925; *Goodman Piping Prods., v National Labor Relations Bd.,* 741 F2d 10, 11; *National Labor Relations Bd. v Watt Elec. Co.,* 273 NLRB 655, *enforced* 813 F2d 1049), and that together they willfully violated Labor Law § 220 and falsified payroll records (*see, Matter of Tenalp Constr. Corp. v Roberts,* 141 AD2d 81, 88; *see also, Matter of Baywood Elec. Corp. v New York State Dept. of Labor,* 232 AD2d 553), was supported by substantial evidence, including the testimony of the subject employees (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of L & M Co. v New York State Dept. of Labor,* 171 AD2d 795; *Matter of Mid Hudson Pam Corp. v Hartnett,* 156 AD2d 818).

The petitioners' remaining contentions are without merit. O'Brien, J. P., Joy, Friedmann and Florio, JJ., concur.