■ In the Matter of MICHAEL J. PULIZOTTO, Petitioner, v CITY OF NEW YORK et al., Respondents. [756 NYS2d 892] —Proceeding pursuant to CPLR article 78 to review a determination of the Appeals Board of the New York City Department of Finance Parking Violations Bureau dated December 20, 2001, which affirmed the findings of the Administrative Law Judge dated October 10, 2001, after a hearing, that the petitioner is liable under the New York City Red Light Violations Monitoring Program.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, the determination of the respondent is supported by substantial evidence (see CPLR 7803 [4]; see also 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]; Matter of Hy-Tech Coatings v New York State Dept. of Labor, 226 AD2d 378 [1996]).

The petitioner's remaining contentions are without merit. Florio, J.P., Luciano, Schmidt and Cozier, JJ., concur.

■ In the Matter of KIM RAGLAND, Petitioner, v WILLIAM KELLY, as Justice of the Rockland County Court, et al., Respondents. [756 NYS2d 908] —Proceeding pursuant to CPLR article 78 in the nature of prohibition, inter alia, to prohibit the respondent William Kelly, a Justice of the County Court, Rockland County, from commencing a trial under Rockland County Indictment No. 2002-132 in the action entitled People v Ragland, pending in that court, and an application for poor person relief.

Ordered that the application for poor person relief is granted to the extent that the filing fee imposed by CPLR 8022 (b) is waived and the application is otherwise denied as academic; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]; see Matter of Rush v Mordue, 68 NY2d 348, 352 [1986]).

The petitioner failed to demonstrate a clear legal right to the relief sought. Feuerstein, J.P., Smith, Krausman and Cozier, JJ., concur.