(December 4, 2007)

■ JANUSZ WYSOCKI et al., Respondents, v KEL-TECH CONSTRUCTION INC. et al., Appellants, et al., Defendants. (And a Third-Party Action.) [847 NYS2d 166]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered April 19, 2005, which, insofar as appealed from, denied defendants-appellants' contractors' motion for summary judgment dismissing plaintiff construction workers' causes of action for breach of contract, unanimously affirmed, without costs.

Assuming, as plaintiffs allege, that the public works contracts at issue, which none of the parties submitted to the motion court, incorporate the requirements of Labor Law § 220 and a schedule of prevailing wages, plaintiffs' common-law breach of contract causes of action, asserting third-party beneficiary status, would not be preempted by section 301 of the Labor Management Relations Act of 1947 (61 US Stat 156, codified at 29 USC § 185) since the rights so conferred would be independent of the collective bargaining agreement (see Livadas v Bradshaw, 512 US 107, 123-124 [1994]). Labor Law § 220 applies alike to union and nonunion members working on public works projects and its requirements are nonnegotiable. While

collective bargaining agreements are helpful on the issue of prevailing wage rates (*see Lingle v Norge Div. of Magic Chef, Inc.*, 486 US 399, 413 n 12 [1988]), they are not necessarily determinative, and do not bear on every issue presented under Labor Law § 220. Concur—Lippman, P.J., Andrias, Williams and Buckley, JJ.