■ JERZY DABROWSKI et al., Respondents, v ABAX INCORPORATED et al., Appellants. [882 NYS2d 119]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered May 12, 2008, which, to the extent appealed from as limited by the brief, denied so much of defendants' motion as sought to dismiss the causes of action for breach of public works contracts, quantum meruit and unjust enrichment, failure to pay New Jersey prevailing wages on New Jersey public works contracts, and piercing the corporate veil, unanimously modified, on the law, to grant so much of the motion as sought to dismiss the causes of action for quantum meruit, unjust enrichment and piercing the corporate veil, and otherwise affirmed, without costs. Order, same court and Justice, entered September 26, 2008, which denied defendants' motion to renew the prior motion, unanimously affirmed, without costs.

The motion court did not improperly schedule resolution of that part of defendant ABAX's motion that sought to deny class certification until after the answer has been served (*see David B. Lee & Co. v Ryan*, 266 AD2d 811, 812-813 [1999]).

By identifying the construction projects to which the contracts applied, listing some of the projects from the VENDEX database, and identifying the prevailing wage provision mandated by Labor Law § 220, plaintiffs pleaded the breach of contract causes of action with sufficient particularity (*see* CPLR 3013). Accordingly, regardless of whether plaintiffs' affidavits in opposition to the motion to dismiss complied with CPLR 2101 (b), the breach of contract causes of action are sufficient without regard to the allegations contained in the affidavits. Nor was the inclusion of breach of contract claims based on New Jersey law inappropriate.

However, the cause of action for piercing the corporate veil to hold the individual defendants liable should have been dismissed, since the sole allegation of "domination" in the complaint is that the principals made the decisions for the corporation (*see 210 E. 86th St. Corp. v Grasso*, 305 AD2d 156 [2003]). The quantum meruit and unjust enrichment causes of action also should have been dismissed because they arise out of subject matter covered by express contracts and the validity of the contracts are not in dispute (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 12 NY3d 132, 142 [2009]).

With respect to the motion to renew based on the arbitration award, further development of the factual record is needed before the collateral estoppel effects, if any, of the award can be determined.

Finally, defendants' argument that the Labor Law claims are preempted by the Labor Management Relations Act has been expressly rejected (*see Wysocki v Kel-Tech Constr. Inc.*, 46 AD3d 251 [2007]). Concur—Andrias, J.P., Sweeny, McGuire, Acosta and Richter, JJ. [*See* 19 Misc 3d 1134(A), 2008 NY Slip Op 51005(U).]