■ In the Matter of MICHAEL S. PASCAZI, Petitioner, v COLLEEN C. GARDNER, as Commissioner of Labor, Respondent. [966 NYS2d 528]—

Rose, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law § 220) to review two determinations of respondent which found, among other things, that petitioner was a shareholder of a corporation that failed to pay prevailing wages and supplements.

Petitioner was the president and 50% owner of Fiber Optek Interconnect Corporation, a fiber optic cable installer. After an investigation in response to complaints from Fiber Optek employees, the Department of Labor's Bureau of Public Work charged Fiber Optek, among others, with failing to pay prevailing wages for work performed for the Edwin Gould Academy-Ramapo Union Free School District. After a hearing, Fiber Optek and others were also charged with violating the prevailing wage law on eight other public works projects. Following a hearing on those charges, the Hearing Officer issued two determinations finding, among other things, that Fiber Optek willfully violated the prevailing wage law on all but one of the projects at issue. Respondent adopted the findings and petitioner commenced this CPLR article 78 proceeding seeking to annul the determinations.

Initially, petitioner contends that the prevailing wage law is preempted by the federal Telecommunications Act and Labor Management Relations Act. We cannot agree. Generally, a federal law may supersede a state law where Congress explicitly declares preemption as its intent (*see Sprietsma v Mercury Marine*, 537 US 51, 62-63 [2002]; *Balbuena v IDR Realty LLC*, 6 NY3d 338, 356 [2006]), or where the federal law is " 'so pervasive as to make reasonable the inference that Congress left no room for the [s]tates to supplement it' " (*Fidelity Fed. Sav. & Loan Assn. v De la Cuesta*, 458 US 141, 153 [1982], quoting *Rice v Santa Fe Elevator Corp.*, 331 US 218, 230 [1947]; *accord Cipollone v Liggett Group, Inc.*, 505 US 504, 516 [1992]). The Court of Appeals has observed, however, that "[t]he presumption against preemption is especially strong with regard to laws that affect the states' historic police powers over occupational health and safety issues" (*Balbuena v IDR Realty LLC*, 6 NY3d at 356; *see Metropolitan Life Ins. Co. v Massachusetts*, 471 US 724, 756 [1985]; *De Canas v Bica*, 424 US 351, 356 [1976]).

While the Telecommunications Act is intended to exclusively govern the field of telecommunications service (*see* 47 USC § 253 [a]), the prevailing wage law is a minimum labor standard (*see* Labor Law § 220; *see e.g. Metropolitan Life Ins. Co. v Massachusetts*, 471 US at 755; *Rondout Elec., Inc. v NYS Dept. of Labor*, 335 F3d 162, 168 [2d Cir 2003], *cert denied* 540 US 1105 [2004]). As such, it falls within the Telecommunications Act's safe harbor provision, which provides that "[n]othing in this section shall affect the ability of a [s]tate to impose, on a competitively neutral basis . . . requirements necessary to . . . protect the public safety and welfare" (47 USC § 253 [b]). Accordingly, even assuming that the Telecommunications Act applies to Fiber Optek's work as a cable installer, as opposed to a telecommunications service provider, we find no basis to conclude that it preempts the application of the prevailing wage law.

Nor is the prevailing wage law preempted by the federal Labor Management Relations Act. That statute provides that federal law governs suits to enforce collective bargaining agreements (*see* 29 USC § 185 [a]). While it is true that the Department of Labor refers to collective bargaining agreements to determine prevailing wages, those agreements are not necessarily determinative, and the rights conferred by the prevailing wage law are independent of those conferred by such agreements (*see Livadas v Bradshaw*, 512 US 107, 123-124 [1994]; *Dabrowski v ABAX Inc.*, 64 AD3d 426, 427 [2009]; *Wysocki v Kel-Tech Constr. Inc.*, 46 AD3d 251, 251-252 [2007]). Petitioner's claim that the prevailing wage law violates the dormant Commerce Clause is likewise unavailing as the law applies equally to in-state and out-of-state contractors that choose to engage in public works projects (*see Matter of Senior Care Servs., Inc. v New York State Dept. of Health*, 46 AD3d 962, 966 [2007]; *Hunter v Warren County Bd. of Supervisors*, 21 AD3d 622, 626 [2005]).

Nor can we agree that the awards of interest on the underpayments should be stricken. While this Court has stricken interest awards where there has been a showing of unreasonable delay (*see Matter of CNP Mech., Inc. v Angello*, 31 AD3d 925, 928 [2006], *lv denied* 8 NY3d 802 [2007]), the delay here was attributable, at least in part, to Fiber Optek's failure to produce payroll records for any of the projects at issue except one, the retirement of key Department of Labor personnel, ancillary proceedings commenced by petitioner and settlement negotiations. Given these circumstances, petitioner's mere assertion that he did not control the scheduling of hearings provides us with no basis on which to conclude that the delay was attribut-

able to unreasonableness by the Department of Labor (*see Matter of D & D Mason Contrs., Inc. v Smith*, 81 AD3d 943, 945 [2011], *lv denied* 17 NY3d 714 [2011]).

As for the merits, the evidence of significant discrepancies between the certified payroll records that Fiber Optek submitted to the Department of Labor for one of the projects and the actual wages received by the employees according to their testimony at the hearings—and as reflected in the payroll records for that same project submitted by Fiber Optek to its general contractor—supports the finding that the certified records were falsified (*see Matter of A. Uliano & Son. Ltd. v New York State Dept. of Labor*, 97 AD3d 664, 667-668 [2012]; *Matter of Alca Indus. v McGowan*, 258 AD2d 704, 705 [1999], *lv denied* 93 NY2d 807 [1999]; *Matter of Lapeka Constr. Corp. v Sweeney*, 236 AD2d 538, 539 [1997]).

The record also supports the determinations that the Edwin Gould Academy and the Indian Point power plant were public entities within the meaning of the prevailing wage law. The evidence established that Fiber Optek's contract was with the Edwin Gould Academy-Ramapo Union Free School District, which is a municipal corporation (*see* General Construction Law § 66 [2]) and, as such, is a public agency (*see* Labor Law § 220 [2]). Although there was evidence that ownership of the Indian Point power plant was transferred from the New York Power Authority to a private firm at some point, the purchase orders and time sheets submitted by Fiber Optek's employees established that Fiber Optek's work during the relevant time frame was for the Power Authority, a public agency.

We have considered petitioner's remaining contentions and find them also to lack merit.

Peters, P.J., Stein and Egan Jr., JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.