22 Gramercy Park, LLC v Michael Haverland Architect, P.C. (2019 NY Slip Op 02035)





22 Gramercy Park, LLC v Michael Haverland Architect, P.C.


2019 NY Slip Op 02035


Decided on March 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2019

Sweeny, J.P., Webber, Gesmer, Singh, JJ.


8736 151756/17

[*1]22 Gramercy Park, LLC, et al., Plaintiffs-Appellants,
v
Michael Haverland Architect, P.C., Defendant-Respondent, Lehr Associates Consulting Engineers LLP, Defendant.


Katsky Korins LLP, New York (Steven B. Feigenbaum of counsel), for appellants.
Trachtenberg Rodes & Friedberg LLP, New York (Barry J. Friedberg of counsel), and Byrne & O'Neill, LLP, New York (Kevin O'Neill of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered September 6, 2018, which, to the extent appealed from, upon granting plaintiffs' motion to discontinue the complaint without prejudice, denied plaintiffs' motion to dismiss defendant Michael Haverland Architect, P.C.'s (Architect) counterclaims pursuant to CPLR 3211(a)(1) and (7), unanimously modified, on the law, to grant plaintiffs' motion to dismiss the unjust enrichment counterclaim, and otherwise affirmed, without costs.
Plaintiff Ellenbogen, the sole member of plaintiff 22 Gramercy Park, LLC (22 Gramercy), engaged Architect in connection with the renovation of a condominium building in 2002, and the project continued through 2012. During that time, Ellenbogen or 22 Gramercy, as "Owner," entered into a letter agreement with Architect dated March 30, 2002, which was amended by letter dated February 11, 2003 and, subsequently, by amendment dated March 12, 2008 due to the increased scope of the project. Under the 2008 amendment, Architect conditionally released plaintiffs from any and all claims for fees, costs and expenses arising under the 2003 amendment, except that, "in the event Owner commences a claim against Architect, Architect may assert, and recover as the evidence supports, by way of counterclaim . . . the amount of fees that otherwise would be due Architect . . ."
In 2017, plaintiffs commenced this action against Architect seeking to be indemnified for amounts they paid to settle claims brought by third parties. Architect then asserted counterclaims against plaintiffs seeking to recover fees owed to it under the 2003 amendment.
Plaintiffs then decided that the litigation was not cost-effective, and moved for leave to discontinue their indemnification claim without prejudice (CPLR 3217[b]) and to dismiss the counterclaims based on the terms of the parties' agreements.
Contrary to plaintiffs' contention, Supreme Court providently exercised its discretion in granting their request for a discontinuance "without prejudice," regardless of the continuation of the counterclaims, as requested in their notice of motion and at oral argument (see Tucker v Tucker, 55 NY2d 378, 383 [1982]).
The court also properly determined that the terms of the 2008 amendment did not compel dismissal of the breach of contract counterclaim seeking to recover fees that would have been due under the 2003 amendment, but for the conditional release. Under the 2008 amendment, once plaintiffs commenced an action, Architect could pursue "by way of counterclaim . . . the amount of fees that otherwise would be due Architect, . . . but for" its having released plaintiffs from such claim. The contract does not state that Architect's pursuit of its counterclaims is conditioned on plaintiffs' continuation of their action. The court did not "interpret an agreement as impliedly stating something which the parties have neglected to specifically include" (see [*2]Ashwood Capital, Inc. v OTG Mgt., Inc., 99 AD3d 1, 7 [1st Dept 2012]; 150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1, 6 [1st Dept 2004]). Supreme Court providently exercised its discretion in severing the counterclaims upon granting discontinuance of plaintiffs' claim (see CPLR 603; see 172 Van Duzer Realty Corp. v 878 Educ., LLC, 164 AD3d 1171, 1171 [1st Dept 2018]).
However, plaintiffs' motion to dismiss the unjust enrichment counterclaim should have been granted because it arises out of "subject matter covered by express contracts and the validity of the contracts are not in dispute" (Dabrowski v ABAX Inc., 64 AD3d 426, 427 [1st Dept 2009]). Although the parties dispute which of the plaintiffs is a party to the contract, the existence of an express contract governing the subject matter of Haverland's counterclaim to recover fees "also bars any quasi-contractual claims against . . . a third-party nonsignatory to the valid and enforceable contract" (Bellino Schwartz Padob Adv. v Solaris Mktg. Group, 222 AD2d 313, 313 [1st Dept 1995]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 19, 2019
CLERK