Shilpa Saketh Realty, Inc. v Vidiyala (2021 NY Slip Op 00917)





Shilpa Saketh Realty, Inc. v Vidiyala


2021 NY Slip Op 00917


Decided on February 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 11, 2021

Before: Acosta, P.J., Kapnick, Singh, Mendez, JJ. 


Index No. 157087/19 Appeal No. 13102 Case No. 2020-02285 

[*1]Shilpa Saketh Realty, Inc., Plaintiff-Appellant,
v
Sudhakar Vidiyala et al., Defendants-Respondents.


Meyer, Suozzi, English & Klein, P.C., Garden City (Michael J. Antongiovanni of counsel), for appellant.
Izower Feldman, LLP, Garden City (Ronald D. Lefton of counsel), for respondents.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered on or about April 17, 2020, which, inter alia, granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, with costs, and the motion denied.
Plaintiff's fraud in the factum argument involves issues of fact and thus may not be raised here for the first time (see Chateau D'If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]).
Given that two of the three defendants were fiduciaries to plaintiff, and the allegations of the complaint describe united efforts rather than an adversarial or arm's length negotiations with another party for the sale of the parties' jointly owned company, it cannot be said as a matter of law that the release or the agreements (which plaintiff signed without reading) bar or bind plaintiff here (Pappas v Tzolis, 20 NY3d 228, 232—233 [2012]). Moreover, given that the release was not a bar to the claims, and plaintiff's reliance on misrepresentations was not unreasonable as a matter of law, because it was excused from reading the agreements, we reject defendants' argument that either the release, or the agreements are a defense as a matter of law.
Furthermore, plaintiff sufficiently alleges out-of-pocket loss, given that it was induced to relinquish a larger pro rata share of the purchase price of the sale of the parties' company.
The unjust enrichment claim was not barred by the existence of an express contract, where, as here, the validity of that contract was in dispute (compare Dabrowski v ABAX Inc., 64 AD3d 426, 427 [1st Dept 2009]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2021