In the Matter of the Application of HAZELWOOD OIL COMPANY, Appellant, for a Writ of Certiorari to Review the Assessment of Its Property in the Town of Allegany, New York.

ASSESSORS OF THE TOWN OF ALLEGANY, NEW YORK, Respondents.

Fourth Department, December 22, 1920.

**Taxation — oil wells leased by foreign corporation are real property for purposes of taxation.**

Oil wells on leased land are assessable as real property against the lessee, a foreign corporation, and when the Legislature provided by section 39 of the General Construction Law that oil wells on leased land should be deemed personal property for all purposes except taxation, it was intended that for such purposes they should be regarded as real property.

Section 39 of the General Construction Law was not repealed or superseded by chapter 726 of the Laws of 1917, applicable to foreign corporations, since that statute has application only to machinery used for trade or manufacture situate in a building, structure or superstructure.

APPEAL by the relator, Hazelwood Oil Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of

Cattaraugus on the 22d day of September, 1920, confirming the report of the referee in certiorari proceedings to review the action of the assessors of the town of Allegany, and also from a final judgment entered in said clerk's office on the same day, confirming the assessments and dismissing the petitions for the writs of certiorari.

*Allen J. Hastings*, for the appellant.

*W. C. Overton* and *Creighton S. Andrews* [*Creighton S. Andrews* of counsel], for the respondents.

HUBBS, J.:

The relator, the Hazelwood Oil Company, is a foreign corporation engaged in the oil and gas business in this State. It holds an oil lease of a farm of 268 acres in the town of Allegany, Cattaraugus county, upon which it has forty-nine oil wells. The lease provides that it is " for the sole and only purposes of mining and excavating for petroleum, coal, rock or carbon oil, or other valuable mineral or volatile substances." The lease provides that the lessor shall " fully use and enjoy the said premises for the purposes of tillage, except such part as shall be necessary for said mining purposes," the lessee to have " the right to remove any machinery or fixtures placed on said premises " by it. The lease was extended and enlarged by an instrument under seal which extended the said lease for a period " as long as oil shall be found in paying quantities on the leased premises."

The assessors of said town assessed said oil wells as real estate. The relator brought these proceedings to review such assessments. In written objections filed with the assessors of said town and in the petitions herein the relator objected to the assessments " upon the ground that said assessment is *wholly* illegal and erroneous in that it is in violation of the provisions of Chapter 726 of the Laws of 1917 of the State of New York."

The position of the relator is that it is not subject to any tax on real property in said town, because its property is personal property wholly exempt from local taxation for the reason that the relator is a foreign corporation and as such liable to a tax under chapter 726 of the Laws of 1917, known as the Emerson Act. No objection is made to the form or

amount· of the assessment. It is not claimed that the assessment should be reduced, or that any items should be stricken out, but it is urged that it is wholly void.

The only question which we have to determine is whether oil wells situate on the lands leased can be legally assessed by the local assessors as real property against the lessee, a foreign corporation.

Prior to the enactment of chapter 372 of the Laws of 1883 there was great confusion · in the cases upon the question of the status of oil well properties. (*Buck* v. *Cleveland*, 143 App. Div. 874; *Wagner* v. *Mallory*, 41 id. 126; affd., 169 N. Y. 501.) Chapter 372 of the Laws of 1883 was undoubtedly enacted to settle the law. It read as follows: "All oil wells and all fixtures connected therewith, situate on lands leased for oil purposes and oil interests, and rights held under and by virtue of any lease or contract or other right or license to operate for or produce petroleum oil, shall be deemed personal property for all purposes except taxation, but nothing herein contained shall affect the laws now in force relating to taxation." This law was re-enacted in the same form as section 39 of the General Construction Law, except that the following clause was left out in the re-enactment: " but nothing herein contained shall affect the laws now in force relating to taxation." Since the enactment of chapter 372 of the Laws of 1883, oil well properties have been treated as personal property for all purposes except for the purposes of taxation, and also except in cases where they have been classed as real property by statute for some specific purpose, as in section 2 of the Lien Law (as amd. by Laws of 1916, chap. 507).

It was said in the case of *Wagner* v. *Mallory* (169 N. Y. 501), in referring to chapter 372 of the Laws of 1883: " The Legislature had the power to determine and define the character of property and specify whether it should be regarded in the future as real or personal." We think that when the Legislature provided by statute that oil wells on leased land should be deemed personal property for all purposes except taxation, it intended ·that for purposes of taxation they should be regarded as real property. That was the construction placed upon that statute in actual practice, and it seems to have been the uni-

form practice to tax such properties as real property. We think that such practice was proper.

In 1917 the Legislature passed an act taxing certain corporations for the privilege of doing business in this State, and said act exempted the personal property of such corporations from local taxation. (Tax Law, art. 9-A, §§ 208–219-l, added by Laws of 1917, chap. 726, and Laws of 1918, chap. 271, as amd.) Section 219-l of the Tax Law (added by Laws of 1918, chap. 271, as amd. by Laws of 1919, chap. 628) reads as follows: " The term ' personal property,' for the purposes of the exemption from assessment and taxation thereon locally as granted by section two hundred and nineteen-j of this chapter,* shall include any movable machinery and equipment used for trade or manufacture and not essential for the support of the building, structure or superstructure, and removable without material injury thereto. · The term ' personal property,' as used in such section, shall not include boilers, ventilating apparatus, elevators, plumbing, heating, lighting and power generating apparatus, shafting other than counter-shafting, equipment for the distribution of heat, light, power, gases and liquids, nor any equipment consisting of structures or erections to the operation of which machinery is not essential."

It is urged by the appellant that even if oil well property was properly assessed prior to the enactment of chapter 726 of the Laws of 1917 as real property, that statute, and the amendments thereto, which define personal property for the purposes of that act and exempt it from assessment for local tax purposes by the assessors, supersedes the general statute (Gen. Const. Law, § 39) and nullifies judicial decisions as to the character of such property for the purpose of taxation. We are unable to agree with such conclusion. We see nothing in that section to include oil wells and machinery. It refers to machinery used for trade or manufacture situate in a building, structure or superstructure. In *People ex rel. Citizens' Gas Light Co. v. Board of Assessors, etc.* (39 N. Y. 81) it was held that under a statute which affected things erected upon or affixed to land, mains of a gas company laid underground were not included. Similarly, this statute, which refers to things in

---

* Amd. by Laws of 1918, chap. 271, and Laws of 1919, chap. 138. Since amd. by Laws of 1920, chaps. 113, 640.— [REP.

a building, structure or superstructure, must not be extended beyond the limit of the class of property which the Legislature meant to include. While the statute in question might change the status of things of the class specified, it cannot be extended to include things of a different class.

The conclusion reached makes it unnecessary to discuss separately the cases which were reviewed together. The judgment and order should be affirmed, with costs.

All concur.

Judgment and order affirmed, with costs.