Matter of Tip-A-Few, Inc. v Caliva (2021 NY Slip Op 04292)





Matter of Tip-A-Few, Inc. v Caliva


2021 NY Slip Op 04292


Decided on July 9, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, WINSLOW, AND BANNISTER, JJ.


227 TP 20-01347

[*1]IN THE MATTER OF TIP-A-FEW, INC., PETITIONER,
v
FRANK CALIVA, CITY OF SYRACUSE CHIEF ADMINISTRATIVE OFFICER, KENNETH J. TOWSLEY, DIRECTOR, CITY OF SYRACUSE CODE ENFORCEMENT, AND CITY OF SYRACUSE, RESPONDENTS. 






HOFFMANN, HUBERT & HOFFMANN, LLP, SYRACUSE (TERRANCE J. HOFFMANN OF COUNSEL), FOR PETITIONER. 
KRISTEN E. SMITH, CORPORATION COUNSEL, SYRACUSE (SARAH A. BARTELS OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Onondaga County [Joseph E. Lamendola, J.], dated October 8, 2020) to review a determination of respondent Kenneth J. Towsley, the Director of the Division of Code Enforcement for the City of Syracuse. The determination ordered petitioner to close for one year. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking, inter alia, to annul the determination of respondent Kenneth J. Towsley, the Director of the Division of Code Enforcement for the City of Syracuse, to close petitioner's business for a period of one year. Although the order of closure expired on December 6, 2020, we agree with petitioner that the proceeding is not moot because " 'the case presents a live controversy and enduring consequences potentially flow' " from the order of closure (Frederick v New York State Thruway Auth., 143 AD3d 1267, 1268 [4th Dept 2016], quoting Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 576 [2014]; see Matter of Taylor v Justice Ctr. for the Protection of People with Special Needs, 182 AD3d 815, 816 n [3d Dept 2020]). In particular, the order of closure may negatively impact petitioner's ability to obtain a business certificate of use pursuant to Article 12 of the Property Conservation Code of the City of Syracuse ([Article 12] Revised General Ordinances of the City of Syracuse, Chapter 27).
Addressing the merits, "[j]udicial review of an administrative determination made after a hearing at which evidence was taken is limited to whether the determination is supported by substantial evidence based upon the entire record" (Matter of Klein v City of N.Y. Dept. of Fin. Parking Violations Bur., 189 AD3d 1238, 1239 [2d Dept 2020]; see CPLR 7803 [4]; Matter of B.P. Global Funds, Inc. v New York State Liq. Auth., 169 AD3d 1506, 1506 [4th Dept 2019]; Matter of Frank J. Marianacci, Inc. v Reardon, 156 AD3d 1422, 1423 [4th Dept 2017]). Further, "[t]he construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" (Samiento v World Yacht Inc., 10 NY3d 70, 79 [2008] [internal quotation marks omitted]). Contrary to petitioner's contention, we conclude that the determination was supported by substantial evidence in the record and was rational, particularly in light of the express purpose of Article 12.
Entered: July 9, 2021
Mark W. Bennett
Clerk of the Court