Matter of Miller v Mahar (2026 NY Slip Op 00744)

Matter of Miller v Mahar

2026 NY Slip Op 00744

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

984 TP 25-00255

[*1]IN THE MATTER OF THOMAS A. MILLER, ALSO KNOWN AS THOMAS A. MILLER OIL CO., PETITIONER,
vSEAN C. MAHAR, INTERIM COMMISSIONER, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION AND STATE OF NEW YORK, RESPONDENTS. 

SHANE & FIRKEL PC, WELLSVILLE (ERIC M. FIRKEL OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MEREDITH G. LEE-CLARK OF COUNSEL), FOR RESPONDENTS. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by an order of the Supreme Court, Cattaraugus County [Ronald D. Ploetz, A.J.], entered November 12, 2024) to review a determination of respondents. The determination, among other things, found that petitioner had violated 6 NYCRR 555.1. 
It is hereby ORDERED that the determination is confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding, transferred to this Court pursuant to CPLR 7804 (g), seeking to annul a determination of respondent Sean C. Mahar, the Interim Commissioner of respondent New York State Department of Environmental Conservation (DEC). As limited by his brief, petitioner challenges that part of the determination concluding that petitioner was responsible for plugging 19 previously unknown wells (U wells) discovered during inspections of two parcels of land for which he leased the subsurface mineral rights. Petitioner contends that oil and gas wells are deemed personal property in New York State and that the DEC failed to introduce substantial evidence that the U wells belonged to him. We reject petitioner's contention and confirm the determination.
"[J]udicial review of an administrative determination made after a hearing at which evidence was taken is limited to whether the determination is supported by substantial evidence based upon the entire record" (Matter of Tip-A-Few, Inc. v Caliva, 196 AD3d 1040, 1040-1041 [4th Dept 2021] [internal quotation marks omitted]; see CPLR 7803 [4]; Matter of Klein v City of N.Y. Dept. of Fin. Parking Violations Bur., 189 AD3d 1238, 1239 [2d Dept 2020]). Further, "[t]he construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" (Samiento v World Yacht Inc., 10 NY3d 70, 79 [2008] [internal quotation marks omitted]; see Tip-A-Few, Inc., 196 AD3d at 1041).
The governing statutory and regulatory scheme is contained in Environmental Conservation Law article 23 (see generally Matter of Western Land Servs., Inc. v Department of Envtl. Conservation of State of N.Y., 26 AD3d 15, 16-17 [3d Dept 2005], lv denied 6 NY3d 713 [2006]; cf. Wagner v Mallory, 169 NY 501, 505-506 [1902]; Matter of Hazelwood Oil Co., 195 App Div 23, 25 [4th Dept 1920]). Under the effective statute and regulation, both the "owner" and the "operator" of a parcel of land from which oil or gas have been extracted are responsible for, inter alia, the plugging of abandoned oil and gas wells on that parcel (see ECL 23-0305 [8] [*2][d], [e]; 6 NYCRR 555.1). Further, ECL 23-0101 (11) defines an "[o]wner" as "the person who has the right to drill into and produce from a pool or a salt deposit and to appropriate the oil, gas, or salt [they] produce[ ] either for [themselves] or others, or for [themselves] and others" and 6 NYCRR 550.3 (ab) defines an "[o]perator" as "any person who is in charge of the development of a lease or the operation of a producing well." Here, the DEC established that petitioner held exclusive mineral rights leases for the parcels of land upon which the subject U wells were located and was also the operator of the known wells on those parcels of land. Thus, contrary to petitioner's contention, we conclude that the determination was supported by substantial evidence in the record and was rational (see Matter of Ecology Sanitation Corp. v New York State Dept. of Envtl. Conservation, 241 AD3d 1561, 1563 [2d Dept 2025]; Tip-A-Few, Inc., 196 AD3d at 1040-1041).
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court